IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLN CAPITAL FUNDING, LLC, | : |
| Plaintiff, | : |
| v. | : |
| FESTIVAL ICE CREAM CORPORATION, | :  Civ. A. No. 08-cv-3116 |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Festival Ice Cream Inc. ("Festival"), by and through its counsel, submits this memorandum of law in support of its motion to dismiss this action under FED. R. CIV. P. 12(b)(2) and/or 12(b)(3).

**I.     INTRODUCTION**

Festival, a New Jersey company selling ice cream in New Jersey, Pennsylvania and New York sold and purchased ice cream from Reinhold Ice Cream Company ("Reinhold"), a Pennsylvania company based in Pittsburgh. BLN Capital Funding LLC, who purchased Reinhold's accounts receivable, now has sued Festival in Illinois. Festival has no contacts, let alone systematic and continuous contacts, with the State of Illinois and no transaction or occurrence relating to the sale of ice cream involving Festival occurred in Illinois. Therefore, as explained in detail below, this action should be dismissed based upon a lack of personal jurisdiction as well as improper venue.

II.   **PROCEDURAL AND FACTUAL BACKGROUND**

   A.   **Procedural Background**

Plaintiff BLN Capital Funding, LLC ("BLN") filed this action on or about April 28, 2008, in the Circuit Court of Cook County. A true and correct copy of the complaint is attached hereto as Exhibit "A." The Complaint was served on Festival on May 5, 2008, and on May 30, 2008, Festival removed this action to this Court in accordance with 28 U.S.C. § 1446. A true and correct copy of the Removal Notice, without exhibits, is attached hereto as Exhibit "B." Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, inasmuch as the amount in controversy exceeds $75,000 and complete diversity of citizenship exists amongst the parties. *See* Ex. "B."

   B.   **Underlying Factual Allegations**

Festival purchased ice cream products from Reinhold, as well as sold ice cream products to Reinhold at Reinhold's facility in Pittsburgh, Pennsylvania. *See* Ex. A at ¶ 4. At some point in time, BLN entered into an agreement with Reinhold to purchase Reinhold's then existing and future accounts receivable ("Receivables Purchase Agreement"). Ex. A at ¶ 5. BLN alleges that, despite notice to Festival directing Festival to make its payments for product to BLN rather than to Reinhold, Festival continued to make its payments directly to Reinhold, or in some cases did not make payments to either Reinhold or BLN. *See* Ex. A at ¶¶ 6-8. BLN alleges that it is entitled to judgment in the amount of $220,504.86 as a result of Festival's alleged non-payments and alleged misdirected payments. *See* Ex. A at ¶¶ 7-9.

2

### C.     Facts Relevant to The Instant Motion

Festival is a New Jersey corporation with its principal place of business at 91 18th Ave. Paterson, NJ 07513. *See* Ex. A at ¶ 2. BLN has alleged that jurisdiction and venue are proper in Illinois because Festival "has regularly and continuously conducted business within the State of Illinois, on information and belief, by way of attending "ice cream" shows in Chicago, Illinois at least annually, and meeting and transacting business there." *See* Ex. A at ¶ 3.

Quite the contrary, Festival does not conduct any business in Illinois. A true and correct copy of the Affidavit of Mario Calbi, President of Festival Ice Cream, is attached hereto as Exhibit "C." Festival, an ice cream distributor, does not transact business in Illinois. *See* Ex. "C" at ¶ 10-11. It does not purchase product from Illinois and does not re-sell product in Illinois. *See id.* Further, Festival does not solicit business in Illinois, does not attend or send representatives to attend "ice cream" shows in Illinois and does not – in any context – meet with customers or vendors to transact business Illinois. *See* Ex. "C" at ¶¶ 12-14

With respect to its business with Reinhold, Festival purchased from and sold ice cream Pittsburgh, Pennsylvania. *See* Ex. A at ¶ 3. Thus, any actions relating to the purchase of ice cream between Festival and Reinhold took place in Pennsylvania or New Jersey, but not in Illinois. *See* Ex. "C" at ¶¶ 6, 7. Festival did not contract with BLN or ever agree to make payments to BLN in Illinois. *See* Ex. "C" at ¶ 8. Festival does not purchase any ice cream product or any other equipment from vendors located in Illinois. *See* Ex. "C" at ¶ 10. Festival does not sell any ice cream products to any retailers or distributors located in Illinois. *See* Ex. "C" at ¶ 11. Festival does not advertise or solicit business in Illinois, nor does send

representatives to attend any "trade shows" in Illinois. *See* Ex. "C" at ¶ 12. Festival has not sought out or availed itself of any business opportunities in Illinois in any manner or form. *See* Ex. "C" at ¶ 13. Finally, no employee or agent of Festival has ever entered Illinois or placed calls to companies in Illinois for the purposes of soliciting business or handling any transactions on behalf of Festival. *See* Ex. "C" at ¶ 14.

### III. ARGUMENT

#### A. Motion to Dismiss under FED. R. CIV. P. 12(b)(2)

##### 1. Standard to be applied to Festival's RULE 12(b)(2) motion

Federal district courts only have personal jurisdiction over a defendant "if a court of the state in which it sits would have such jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.* 338 F.3d 773, 779 (7th Cir. 2003); *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). The burden is on the plaintiff to show that the exercise of jurisdiction over the defendant is proper. *Purdue*, 338 F.3d at 782-83; *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). If any material facts are in dispute, the court must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove that jurisdiction over the defendant is proper. *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

##### 2. Illinois lacks personal jurisdiction over Festival

The Supreme Court has recognized two types of personal jurisdiction: "general" jurisdiction and "specific" jurisdiction. *Hyatt*, 302 F.3d at 713. "General jurisdiction" is proper only when the defendant has "continuous and systematic" contacts with the state in question; if

such contacts exist, the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of, and are not related to, the defendant's forum contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).

"Specific jurisdiction," a more limited assertion of state power, exists against a defendant only for controversies that arise out of or are related to the defendant's forum contacts. *Id.*; *see Hyatt*, 302 F.3d at 713 (citing *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998)). For specific jurisdiction, due process requires that a non-resident defendant must have established his contacts with the forum state by purposefully availing himself of the privilege of conducting business there. *Asahi Metal Industry Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 108-10 (1987); *Logan Productions, Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996). "This 'purposeful availment' requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King v. Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). In other words, the defendant's conduct and connection with the forum state should be such that he should reasonably anticipate being haled into court there. *Burger King*, 471 U.S. at 474.

A federal court sitting in diversity must rely on the law of personal jurisdiction in the state where the court is sitting – here, Illinois. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992). Three distinct obstacles to personal jurisdiction must generally be examined: (1) state statutory law; (2) state constitutional law; and (3) federal constitutional law. *RAR*, 107 F.3d at 1276. Illinois' long-arm statute, 735 ILCS 5/2-209, permits its courts to exercise jurisdiction

on any basis permitted by the Illinois and United States Constitutions. *Hyatt*, 302 F.3d at 714 (citing *Central States,* 230 F.3d at 940). In terms of Illinois constitutional law, the Seventh Circuit has held that there is no operative difference between the limits imposed by the Illinois Constitution and the federal limits on personal jurisdiction. *Hyatt*, 302 F.3d at 715 (citing *RAR*, 107 F.3d at 1276). Thus, as a practical matter, the court must only determine whether jurisdiction is proper under the United States Constitution.

The Due Process Clause of the Fourteenth Amendment limits when a state may assert in personam jurisdiction over nonresident individuals and corporations. *See Pennoyer v. Neff,* 85 U.S. 714 (1878). Federal due process limits on personal jurisdiction require that a non-resident defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

### i.   General jurisdiction does not exist

General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *See Helicopteros,* 466 U.S. at 416; *see also Hyatt,* 302 F.3d at 713; *RAR,* 107 F.3d at 1277. These contacts must be so extensive as to be tantamount to [Festival] being constructively present in Illinois to such a degree that it would be fundamentally fair to require it to answer in an Illinois court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (collecting cases, emphasis in

original); *see Medline v. Strategic Commercial Solutions, Inc.*, 2008 WL 2091141, at * 6 (N.D. Ill. May 5, 2008).

Here, BLN provides only one allegation which could arguably give rise to general jurisdiction against Festival. In paragraph three of its Complaint, BLN alleges that Festival "has regularly and continuously conducted business within the State of Illinois, on information and belief, by way of attending "ice cream" shows in Chicago, Illinois at least annually, and meeting and transacting business there." *See* Ex. A at ¶ 3. As the Affidavit of Mr. Calbi makes clear, this is not accurate. Festival does not attend ice cream trade shows in Illinois and does not, in any other context, conduct business with companies in Illinois. *See* Ex. "C" at ¶ 12.

Moreover, even if Festival had attended an ice-cream trade show annually and conducted business there, this *de minimus* contact does not rise to the level of "systematic and continuous" contact with Illinois – which is required for Illinois to exercise general personal jurisdiction over Festival in this action. Indeed, for general jurisdiction to exist, a plaintiff must demonstrate defendant's contacts with the forum state that are so extensive as to be tantamount to Festival's being constructively present in Illinois. Mere attendance at an annual trade show is insufficient to constitute the constructive presence necessary to give rise to general jurisdiction. *Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F.Supp.2d 928, 932 (N.D. Ill. 2000).

Accordingly, BLN has failed to demonstrate that general personal jurisdiction exists over Festival in this case.

  ii. <u>**Specific jurisdiction does not exist**</u>

In specific jurisdiction cases, the court must decide whether a defendant has

"purposefully established minimum contacts with the forum state" and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances. *See Burger King,* 471 U.S. at 476-77. It is critical that a plaintiff's claim "arise out of" or "be related to" defendant's "minimum contacts" with that forum because it ensures a "degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). To give a concrete example, the fact that an out-of-state party might have contract with an in-state party is alone not enough to establish the requisite minimum contacts. *See Burger King,* 471 U.S. at 478. Rather, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" must indicate the purposeful availment that makes litigating in the forum state foreseeable to the defendant. *Id.* at 479.

As discussed above, BLN provides only one allegation which could arguably give rise to specific jurisdiction against Festival: that Festival "has regularly and continuously conducted business within the State of Illinois, on information and belief, by way of attending "ice cream" shows in Chicago, Illinois at least annually, and meeting and transacting business there." *See* Ex. A at ¶ 3. This allegation does not identify any nexus to BLN's claim in this case. Furthermore, the Northern District of Illinois has held that attendance of a trade show is insufficient to establish specific jurisdiction, particularly in cases, as here, where there is no allegation that Festival sold or purchased any products in Illinois or that the contacts otherwise caused the harm

8

complained of. *See Berthold*, 102 F.Supp.2d at 934.

Moreover, Festival has no contacts with Illinois such that it would expect to be hauled into court there. Festival did not negotiate with BLN and did not enter into any agreement with BLN – all of Festival's negotiations and agreements were with Reinhold and took place either in Pennsylvania or New Jersey. Indeed, if Festival is forced to defend against BLN's claims in Illinois, when it has no contractual relationship or other legal obligation to BLN, it would contravene the idea of "traditional notions of fair play" and would lead to the conclusion that any corporation that entered into an agreement with any vendor could be hauled into court anywhere one of the vendor's creditors saw fit. This is precisely the uncertainty and lack of predictability the Due Process Clause seeks to avoid.

In addition, the Seventh Circuit has held, in agreement with the Third Circuit, that in a breach of contract case, "it is only the 'dealings between the parties in regard to the disputed contract' that are relevant to minimum contacts analysis." *RAR*, 107 F.3d at 1278 (citing *Vertrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 153 (3d. Cir. 1996). Here, there are <u>no dealings</u> between Festival and BLN because there is no relationship between Festival and BLN – other than that BLN is a creditor of Reinhold. Because there are no dealings between Festival and BLN, there are no dealings which would give rise to any "minimum contacts." In addition, Illinois does not acquire jurisdiction merely by the fact that BLN felt harm there. *See Berthold*, 102 F.Supp.2d at 932.

Accordingly, BLN has failed to demonstrate that specific personal jurisdiction exists over Festival in this case and the Court should grant Festival's motion to dismiss under RULE 12(b)(2)

for that reason.

### B.     Motion to Dismiss under FED. R. CIV. P. 12(b)(3)

Once a Defendant makes a motion to dismiss for improper venue pursuant to FED. R. CIV. P. 12(b)(3), the burden is upon Plaintiff to prove venue is proper. *AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F.Supp.2d 834, 842 (N.D.Ill. 2006). When considering a Rule 12(b)(3) motion, the Court must take all allegations in the Complaint as true, unless they are contradicted by the defendant's affidavits. *See Nagel v. ADM Investor Servs., Inc.*, 995 F.Supp. 837, 843 (N.D.Ill. 1998). Thus, the court may properly consider facts outside the complaint in order to determine whether venue is proper; in doing so, the court resolves any factual conflicts and draws all reasonable inferences in favor of the plaintiff. *Interlease Aviation Investors v. Vanguard Airlines, Inc.*, 262 F.Supp.2d 898, 913 (N.D.Ill. 2003).

#### 1.     The "substantial events" test should be applied to determine whether venue is appropriate in Illinois

In the present action, jurisdiction is based solely on the diversity of the parties pursuant to 28 U.S.C. § 1332. For that reason, venue is determined in accordance with the requirements of 28 U.S.C. § 1391(a). *Dickerson v. Perdue*, 2007 WL 2122418, at *6 (S.D.Ill. July 20, 2007). Section 1391(a) provides that venue is proper in diversity actions only in (1) a judicial district "where any defendant resides," (2) a judicial district where "a substantial part of the events giving rise to the claim occurred," or (3) a judicial district in which "any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Festival is not a "resident" of Illinois. Accordingly, § 1391(a)(1) does not apply to the

instant action. Section 1391(a)(3) also does not apply, as it is only to be used when there is "no district in which the action may otherwise be brought" and in this case, the action could be brought in New Jersey where Festival is incorporated and maintains its principal place of business. *See* Ex. "C" at 3. Accordingly, the Court need only determine, pursuant to § 1391(a)(2), whether "a substantial part of the events giving rise to the claim occurred" in Illinois. For events to be considered "substantial" under the statute, the events occurring in the forum district must be part of the "historical predicate" of the claim. *Master Tech Products, Inc. v. Smith*, 181 F.Supp.2d 910, 914 (N.D.Ill. 2002).

Unlike a personal jurisdiction analysis, analyzing proper venue under § 1391 does not consider a defendant's contacts with the forum state, but instead focuses on "the location of the events giving rise to the cause of action." *Master Tech Products*, 181 F.Supp.2d at 914 (citing *Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). However, in this case and others involving disputes arising in interstate commercial relationships, these categories overlap significantly. *Engineered Medical Systems, Inc. v. Despotis*, 2005 WL 2922448, at *6 (S.D.Ind. Nov. 4, 2005). The "substantial part of the events" analysis allows courts to look "not to a single 'triggering event' prompting the action, but to the entire sequence of events underlying the claim," including those that are "part of the historical predicate for the instant suit." *Master Tech Products*, 181 F.Supp.2d at 914 (quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). This analysis, in turn, provides "a more holistic view of the acts underlying a claim." *Id.* (quoting *Uffner*, 244 F.3d at 42 n. 6).

## 2. None of the "substantial events" giving rise to the claim occurred in Illinois

In this case, BLN has standing to bring its claims against Festival, if at all, by virtue of its Receivables Purchase Agreement with Reinhold, and in doing so, essentially steps into the shoes of Reinhold to enforce Reinhold's alleged breach of contract claims against Festival. *See* Ex. "A." Therefore the only actions and events that can be considered in the context of a "substantial events" test would be those relating to the then-ongoing contracts between Reinhold and Festival – here represented by purchase orders and invoices – and any alleged non-payment of those contracts.

None of the events relating to the purchase orders and invoices for the sale of ice cream between Festival and Reinhold occurred in Illinois; rather, all occurred in Pennsylvania or New Jersey. *See* Ex. "C" at ¶¶ 5-7. The negotiation of the terms of payment and sale, the transmission of purchase orders and invoices and any telephone calls or facsimile transmissions relating to the purchase of product and the delivery of product all occurred either in Pennsylvania or New Jersey. *See* Ex. "C" at ¶¶ 6-7. Furthermore, payment for product was also due to Reinhold in Pittsburgh and to Festival in Paterson, respectively. *See* Ex. "C" at ¶¶ 6-7.

It is important to note that Festival was not a party to the Receivables Purchase Agreement between BLN and Reinhold, therefore none of the actions relating to the Receivables Purchase Agreement, such as the negotiation or execution of that Agreement or payments due under that Agreement, could constitute "substantial events" with respect to Festival. Indeed, Festival and BLN are not parties to any agreement and Festival has assumed no duty, contractual or otherwise, to make payments to BLN in Illinois. *See* Ex. "C" at ¶ 8. Assuming Reinhold agreed to make

payments to BLN in Illinois, BLN cannot claim that venue is proper in Illinois against Festival, who had nothing to do with that the Receivables Purchase Agreement. *C.f. TruServ Corp. v. Neff*, 6 F.Supp.2d 790, 792 (N.D.Ill. 1998) (venue proper where defendant had agreed to make payments in Illinois pursuant to guaranties). Finally, even if Reinhold consented to jurisdiction or venue in Illinois in connection with the Receivable Purchase Agreement, Festival did not do so. *C.f. AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F.Supp.2d 834, 846 (N.D.Ill. 2006).

Accordingly, because BLN cannot demonstrate that the events – and certainly not a substantial portion of the events – giving rise to its claim occurred in Illinois, the Court should grant Festival's motion to dismiss for improper venue.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, the defendant respectfully requests that the Court grant its motion to dismiss and dismiss the complaint in its entirety, with prejudice.

Respectfully submitted,

_____
F. John Cushing
The Law Offices of F. John Cushing III
29 South LaSalle Street, Suite 240
Chicago, IL 60603
(312) 726-1470

Monica Mathews Reynolds
HIGH SWARTZ LLP
40 East Airy St.
Norristown, PA 19404
(610) 275-0700
(610) 275-5290 (fax)

Attorneys for Defendant
Festival Ice Cream Corporation

Dated: June ___, 2008

## CERTIFICATE OF SERVICE

I, F. John Cushing, hereby certify that I served a true and correct copy of Defendant's motion to dismiss and memorandum in support of defendants' motion to dismiss on this 6th day of June, 2008, via U.S. Mail, upon the following:

James H. Ryan, Esquire
The Law Offices of James H. Ryan
30 E. Adams St., Suite 1100
Chicago, IL 60603

_____
F. John Cushing