IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLN CAPITAL FUNDING, LLC, an Illinois limited liability company, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>FESTIVAL ICE CREAM )<br>CORPORATION, a New Jersey )<br>corporation, )<br>Defendant. ) | Case No. 08 C 3116<br><br>Hon. Virginia M. Kendall<br>U. S. District Court Judge |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
"DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)"

Plaintiff, BLN Capital Funding, LLC ("BLN"), by its counsel, hereby opposes the Motion to Dismiss of Defendant, Festival Ice Cream Corporation ("Festival").

**I.  This Court Has Jurisdiction Over Defendant's Person.**

The standard under which this Court should evaluate and decide the instant Rule 12 Motion to Dismiss ("Motion") was articulated by now Chief Judge Holderman in *Berthold Types Limited v. European Mikrograf Corp.*, et al., 102 F.Supp.2d 928, 930 (N.D. Ill. 2000), as follows:

> "The allegations in plaintiff's complaint are to be taken as true unless controverted by the defendants' affidavits; any conflicts in the affidavits are to be resolved in plaintiff's favor. *Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).*"

In support of its Motion, Festival submits the "Affidavit of Mario Calbi," its President (and, Plaintiff believes, owner), which makes the following assertions, relating to the allegations in paragraph 3 of the Verified Complaint supporting jurisdiction in the State of Illinois. (The "Calbi Affidavit" is Exhibit C to Festival's Motion.)

"9. Festival was not aware that it was required to make any payments for Reinhold product to an entity other than Reinhold in any location other than Pittsburgh, Pennsylvania."

"12. Festival does not advertise or solicit business in Illinois, nor does (sic) send representatives to attend any "trade shows" in Illinois."

"13. Festival has not sought out or availed itself of any business opportunities in Illinois in any manner or form."

"14. No employee or agent has ever entered Illinois or placed calls to companies in Illinois for the purposes of soliciting business or handling any transactions on behalf of Festival."

In response, Plaintiff files herewith the Affidavit of Rodney Barrington. Mr. Barrington's Affidavit flatly refutes the assertion in paragraph 9 of the Calbi Affidavit. Festival was well aware of the BLN/Reinhold transaction and Festival's obligation to BLN resulting therefrom, including paying the Reinhold invoices to BLN in Illinois. It also reports on a telephone conversation in 2007 in which Mr. Calbi stated that he was just returning home from a Good Humor distributors meeting in Chicago, Illinois, and his information and belief that Festival regularly attended food shows in Chicago.

The Calbi Affidavit in paragraphs 12, 13 and 14 appears to have been "cleverly" worded not to flatly deny all contacts with Illinois, but to specifically deny those kinds of contacts expressly described therein. Indeed, it is more than curious that, in responding to paragraph 3 of the Verified Complaint respecting Festival's attendance at "ice cream shows" in Chicago, in paragraph 12 of his Affidavit Mr. Calbi says "Festival...does [not] send representatives to attend any "trade shows" in Illinois." (Emphasis added.) Mr. Calbi is President and owner of Festival. Why does he not just flatly state that neither he, nor anyone on his behalf, had ever been in Illinois on Festival business? The answer

2

appears to be that he cannot make that statement and so he couches and hedges, hoping to create an impression, not borne out by the record.

Defendant's Motion to Dismiss for want of personal jurisdiction over it should be denied. In the alternative, Plaintiff should be afforded an opportunity to discover Festival's actual contacts with Illinois before a ruling on the Motion, which factual questions are clearly in dispute, as Defendant has admitted in the "Joint Agreed Initial Status Report," filed on July 9, 2008, at p. 2, ¶ 6.

**II. Venue Is Proper In This Court.**

Next, Defendant moves to dismiss, apparently in the alternative, contending that even if this Court has personal jurisdiction over it, the Court nevertheless should dismiss this case for improper venue. This is a curious contention, indeed.

As the Court will recall, this case was initially filed in the Circuit Court of Cook County, Illinois. Under Illinois law, Festival is a non-resident of Illinois (735 ILCS 5/2 102(a)), and a non-resident of Illinois may be sued in any county in Illinois. 735 ILCS 5/2-101. Thus, assuming personal jurisdiction, this case was properly venued in Cook County, Illinois.

Defendant asks the Court to rule that, by the simple act of removal, it can not only deny Plaintiff its choice of a state court forum, but also require the case to be litigated in another state, notwithstanding personal jurisdiction over Defendant in Illinois and proper venue in Chicago under Illinois law.

But even applying federal venue law, this case must stay here because Plaintiff is here; Defendant is obligated to pay it here; and, therefore, the substantial events test is clearly met. Assuming, as this Court must do here, that BLN obtained rights to the

Reinhold invoices to Festival, and that Festival was fully aware thereof and its obligation to pay BLN in Illinois, and that Festival is subject to the jurisdiction of Illinois courts, then venue is proper in this Court.

Festival asserts, without citation to authority, that BLN "stepped into the shoes" of Festival, apparently contending that BLN and its claims here should be treated as if BLN was domiciled in Pittsburgh, Pennsylvania and the instant claims arose there. No such fiction can or should be adopted by this Court in ruling on Festival's venue Motion.

### III. Conclusion.

The Motion to Dismiss for want of personal jurisdiction should be denied because the supporting Affidavit of Mario Calbi has been demonstrated to be at best incomplete and apparently misleading, containing no flat denial of business contacts with Illinois, and, therefore, insufficient to support a dismissal for lack of jurisdiction. Finally, Cook County, Illinois is a proper venue for this case under Illinois law and 28 USC §1391(a).

Dated: July 18, 2008
      Chicago, Illinois

                Respectfully submitted,

                BLN CAPITAL FUNDING, LLC

                */s/ James H. Ryan*
                Counsel for Plaintiff

                James H. Ryan (ARDC 2431343)
                The Law Offices of James H. Ryan
                30 East Adams Street, Suite 1100
                Chicago, IL 60603
                Phone: (312) 890-9828
                Fax:   (312) 345-9112
                e-mail: jr@jamesryanlaw.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLN CAPITAL FUNDING, LLC, ) <br> an Illinois limited liability company, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FESTIVAL ICE CREAM ) <br> CORPORATION, a New Jersey ) <br> corporation, ) <br> Defendant. ) | Case No. 08 C 3116 <br><br> Hon. Virginia M. Kendall <br> U. S. District Court Judge |

### AFFIDAVIT OF RODNEY BARRINGTON

Affiant, Rodney Barrington, being first duly sworn on oath, hereby deposes and says that:

1. He is of the age of majority and, if called as a witness herein, can competently testify as follows.

2. He is a Manager of Plaintiff, BLN Capital Funding, LLC, located in Chicago, Illinois (hereinafter "BLN").

3. By letter dated May 31, 2007 (part of Group Exhibit A to Plaintiff's Verified Complaint herein), BLN notified Festival Ice Cream Corporation ("Festival") of BLN's interest in the Reinhold Ice Cream Company ("Reinhold") invoices for ice cream products sold by Reinhold to Festival, and directed that all payments thereon be sent to BLN at the referenced address in Chicago, Illinois.

4. At or about that same time, Affiant had at least two telephone conversations with Festival's Chief Financial Officer, during which Affiant fully explained the import of the Reinhold/BLN transaction and Festival's new obligations relating thereto.

5. Affiant believes that Festival was fully aware of the Reinhold/BLN transaction at that time and its new obligations thereafter.

6. Affiant has been advised, and believes, that (i) in early 2007 on a Friday afternoon, when Mr. Calbi was discussing doing business with Reinhold, he called a Reinhold executive and advised him that Mr. Calbi had just landed home on a flight from Chicago, Illinois where he had attended a Good Humor distributors meeting in Chicago, (ii) Reinhold was also a Good Humor distributor at that time, and (iii) Mr. Calbi had attended a biennial Food Expo show in Chicago and conducted business there.

Further Affiant says not.

AFFIANT:

_____
Rodney Barrington

SUBSCRIBED to and SWORN before me
this ___18___ day of July, 2008.

_____
Notary Public

"OFFICIAL SEAL"
CHRISTINA V. HOLSTON
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Dec. 2, 2008

2

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he caused the foregoing **Plaintiff's Memorandum in Opposition to "Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)"** and attached **Affidavit of Rodney Barrington** to be served upon (1) all parties that have filed an electronic appearance in this proceeding, via the Court's CM/ECF system and (2) the parties listed below, by either electronic mail and/or facsimile as indicated, and by depositing true and correct copies of same into the U.S. Mail at 200 South Wacker Drive, Chicago, Illinois 60606, in properly addressed, first class, postage prepaid envelopes, this 18th day of July, 2008, at or before the hour of 5:00 p.m.

*Via Facsimile and Regular Mail:*

F. John Cushing, III
The Law Offices of F. John Cushing, III
29 South LaSalle Street, Suite 240
Chicago, IL 60603
Phone:  (312) 726-1470
Fax:     (312) 726-2344

*Via Electronic Mail and Regular Mail:*

Monica Mathews Reynolds
High Swartz LLP
40 East Airy Street
Norristown, PA 19404
Phone:  (610) 275-0700
Fax:     (610) 275-5290
e-mail:  mreynolds@highswartz.com

/s/ James H. Ryan

James H. Ryan (ARDC 2431343)
The Law Offices of James H. Ryan
30 East Adams Street, Suite 1100
Chicago, IL 60603
Phone: (312) 890-9828
Fax:    (312) 345-9112
e-mail: jr@jamesryanlaw.net

7