IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLN CAPITAL FUNDING, LLC, | : |
| Plaintiff, | : |
| v. | : |
| FESTIVAL ICE CREAM CORPORATION, | :  Civ. A. No. 08-cv-3116 |
| Defendant. | : |

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Festival Ice Cream Inc. ("Festival"), by and through its counsel, submits this reply memorandum of law in support of its motion to dismiss this action under FED. R. CIV. P. 12(b)(2) and/or 12(b)(3). Simply put, BLN has failed to meet its burden[1] of demonstrating that an exercise of jurisdiction over Festival is proper in this case or that venue is proper in Illinois. For that reason, Festival's motion to dismiss should be granted. In addition, because BLN has failed to request any discovery while Festival's motion to dismiss was pending, and despite the fact that it must have been aware that it would be unable to meet its burden to prove personal jurisdiction and venue, Festival requests that BLN's request for additional discovery relating to personal jurisdiction or venue be denied.

---

1    BLN has not refuted that it bears the burden of demonstrating that the exercise of jurisdiction over Festival is proper. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.* 338 F.3d 773, 782-83 (7th Cir. 2003); *AGA Shareholders, LLC v. CSK Auto, Inc.,* 467 F.Supp.2d 834, 842 (N.D.Ill. 2006).

I.  **The Barrington Affidavit Is Inadmissible Hearsay and Insufficient to Contradict the Calbi Affidavit.**

BLN attempts to contradict Festival's affidavit, given by its president, Mario Calbi, by providing the affidavit of Rodney Barrington.[2] The testimony of BLN's affiant, Rodney Barrington, is not admissible to contradict Mr. Calbi's affidavit because Mr. Barrington *admittedly* does not have first hand knowledge of Mario Calbi's two purported visits to Illinois. Rather, he claims that some unidentified Reinhold executive told him of Mr. Calbi's comments regarding travel to Illinois. *See* Barrington Affidavit at ¶6. Thus, the Barrington Affidavit, and in particular paragraph 6 – which is the only portion of the affidavit relating to Festival's contact with Illinois – is not based upon Mr. Barrington's personal knowledge and is nothing more than inadmissible hearsay.[3] Accordingly, Mr. Barrington's lack of personal knowledge makes his affidavit insufficient to contradict the sworn facts contained in Mr. Calbi's sworn affidavit. *See Czubaj v. Ball State University*, 2004 WL 1873213 (7th Cir 2004) (citing *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 736 (7th Cir.2001) (statements in affidavits must be based upon personal knowledge to demonstrate genuine issue of material fact); *See also 15. State ex rel. Beeler, Schad and Diamond, P.C. v. Target Corp.*, 367 Ill.App.3d 860, 856 N.E.2d 1096, (Ill.App. 1 Dist. 2006) (affidavit submitted in support of motion to dismiss, not based upon personal knowledge is hearsay and inadmissible). Other than the hearsay statements in the Barrington Affidavit, BLN has provided no facts to refute the Calbi Affidavit, and as such has failed to meet its burden to

---

2   Festival, and in particular Mr. Calbi, do not agree with the statements made in the Barrington Affidavit, however, as set forth herein, even if Mr. Barrington's representations are presumed to be true, Festival's motion should still be granted inasmuch as the facts in the Barrington Affidavit fail to demonstrate that personal jurisdiction exists over Festival or that venue is proper in Illinois.

3   Curiously, Mr. Barrington has not identified the individual that purportedly spoke with Mr. Calbi, casting additional doubt upon the veracity of Mr. Barrington's statement.

demonstrate personal jurisdiction and proper venue. For this reason alone, Festival's motion to dismiss should be granted.

**II.　　Even If The Barrington Affidavit Is Considered Admissible, BLN Has Failed To Meet Its Burden To Demonstrate That This Court Should Exercise Personal Jurisdiction Over Festival And That Venue Is Proper In Illinois.**

Even if this Court should deem the Barrington Affidavit admissible, Festival's motion to dismiss should still be granted because BLN has failed to demonstrate that this Court may properly exercise personal jurisdiction over Festival or that venue is proper in Illinois. Specifically, the Barrington Affidavit does not establish: (1) that Festival's systematic and continual contacts with Illinois sufficient to support general jurisdiction, (2) that BLN's claims arise out of Festival's minimum contacts with Illinois, or (3) that a substantial part of the events giving rise to its claim occurred in Illinois.

**A.　　BLN Has Failed To Demonstrate The Existence Of General Jurisdiction**

As set forth more fully in Festival's memorandum of law in support of its motion to dismiss, general jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *See Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *RAR Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). These contacts must be so extensive as to be tantamount to [Festival] being constructively present in Illinois to such a degree that it would be fundamentally fair to require it to answer in an Illinois court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (collecting cases, emphasis in original); *see Medline v. Strategic*

*Commercial Solutions, Inc.*, 2008 WL 2091141, at * 6 (N.D. Ill. May 5, 2008).  Factors that courts examine in determining general jurisdiction include: (i) whether and to what extent the defendant conducts business in the state; (ii) whether the defendant maintains offices in the state; (iii) whether the defendant maintains employees in the state; (iv) whether the defendant advertises or solicits business from the forum state; and (v) whether the defendant has a designated agent for the service of process.  *See Helicopteros Nationales de Colombia v. Hall*, 446 U.S. 408, 416 (1984); *accord Interlease Aviation Investors v. Vanguard Airlines, Inc.*, 262 F. Supp.2d 898, 906-07 (N.D. Ill. 2003).

Festival does not conduct business in Illinois, maintain offices or employees in Illinois, advertise or solicit business from Illinois residents or maintain a designated agent for service of process in Illinois.  Thus, even assuming that Festival had attended one ice-cream trade show and one distributor's meeting in Illinois, these two *de minimus* contacts do not rise to the level of "systematic and continuous" contact with Illinois – which is required for Illinois to exercise general personal jurisdiction over Festival in this action.  *See Ferris Mfg. Corp. v. S.P.R.D. TH Trading Inc.*, Civ. A. No. 07-cv-0466 (N.D. Ill. May 15, 2007) (Kendall, J.).

Two visits to Illinois over some unspecified period of time are not extensive and are not tantamount to Festival's being constructively present in Illinois.  *See Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F.Supp.2d 928, 932 (N.D. Ill. 2000) (mere attendance at an annual trade show is insufficient to constitute the constructive presence necessary to give rise to general jurisdiction.)

Importantly, BLN does not argue that general personal jurisdiction exists over Festival in

4

this case nor does it cite to any legal authority in support of such a conclusion. Accordingly, the Court should conclude that general jurisdiction does not exist.

### B. BLN Has Failed To Demonstrate The Existence Of Specific Jurisdiction

For specific jurisdiction to exist, due process requires that Festival must have established contacts with Illinois by "purposefully availing" itself of the privilege of conducting business there such that, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances. *See Asahi Metal Industry Co. v. Superior Ct. of Cal.,* 480 U.S. 102, 108-10 (1987); s*ee Burger King v. Corp. v. Rudzewicz,* 471 U.S. 462, 476-77 (1985). In addition, BLN must demonstrate that its claim "arises out of" or is "related to" Festival's "minimum contacts" with Illinois because it ensures a "degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Even if Festival had attended one distributor's meeting and one trade show in Illinois, BLN does not claim – nor could it – that its claim has any nexus to those contacts. BLN is not claiming that Festival ordered product from Reinhold based upon those two contacts or failed to pay for product based upon those two contacts. BLN provides the Court with no basis whatsoever to infer that BLN's claims "arise out of" or are "related to" Festival's two contacts with Illinois. Thus, where there is no allegation that Festival sold or purchased any products in Illinois or that its contacts with Illinois otherwise caused the harm complained of, Festival's mere attendance at one trade show and one distributor's meeting are insufficient to establish specific

jurisdiction. *See Berthold*, 102 F.Supp.2d at 934. Just as importantly, Illinois does not acquire jurisdiction merely because BLN felt harm there. *See Berthold*, 102 F.Supp.2d at 932.

It bears repeating that Festival has no contacts with Illinois such that it would expect to be hauled into court there. Festival did not negotiate with BLN and did not enter into any agreement with BLN – all of Festival's negotiations and agreements were with Reinhold and took place either in Pennsylvania or New Jersey.[4] Indeed, if Festival is forced to defend against BLN's claims in Illinois, when it has no contractual relationship or tort obligation to BLN, it would contravene the idea of "traditional notions of fair play" and would lead to the conclusion that any corporation that entered into an agreement with any vendor could be hauled into court anywhere one of the vendor's creditors saw fit. This is precisely the uncertainty and lack of predictability the Due Process Clause seeks to avoid.

For these reasons, as well as those set forth in Festival's memorandum of law in support of its motion to dismiss, BLN has failed to demonstrate that specific personal jurisdiction exists over Festival in this case and the Court should grant Festival's motion to dismiss under RULE 12(b)(2) for that reason.

C.  **BLN Has Failed To Demonstrate That Venue Is Proper**

BLN admits that it obtained its rights, if at all, from Reinhold. Festival has asserted that BLN "stepped into the shoes of Reinhold"[5] in prosecuting any claims it derives from Reinhold

---

[4] Finally, "it is only the 'dealings between the parties in regard to the disputed contract' that are relevant to minimum contacts analysis." *RAR*, 107 F.3d at 1278. Here, there are no dealings between Festival and BLN because there is no relationship between Festival and BLN – other than that BLN is an assignee of Reinhold's account receivable.

[5] In its responsive memorandum, BLN has suggested that Festival argues that BLN stepped into the shoes of Festival. Festival does not contend that BLN stepped into its shoes, but rather that BLN stepped into Reinhold's shoes to enforce Reinhold's rights against Festival. It is not clear whether this is a mistake on BLN's part, or

because, under Illinois law, BLN's rights, as Reinhold's assignee, are subject to "all terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract." 810 ILCS 5/9-404. Thus, BLN's rights – including where it may properly enforce those rights – are dictated by Reinhold's (the assignor's) agreements with Festival (the account debtor). Because Reinhold would be restricted from bringing claims against Festival to venues where "a substantial part of the events giving rise to the claim occurred," and certainly not permitted to do so in Illinois, BLN is similarly restricted under Illinois law.[6] Simply put, Reinhold would not have the right to bring any claims in Illinois under its invoices and purchase orders with Festival, and likewise, BLN has no right to do so. BLN has offered no legal authority to refute the application of Section 5/9-404, nor any authority for its position that, as assignee, it is limited to enforcing the rights Reinhold has assigned to it.

At the same time, BLN claims that "a substantial part of the events giving rise to the claim occurred" in Illinois because BLN demanded that Festival make payments to it in Illinois. Importantly, BLN also cites <u>no</u> legal authority in support of its position. Rather, the contrary is true: it is the location of the events which gave rise to a party's injury, not the location of the injury itself which is important in a [s]ection 1391(a)(2) analysis. *See Repository Techonologies v. Systems Consultants, Inc.*, Civ. A. No. 02-cv-8640 (N.D.Ill. May 15, 2003)(Aspen, J.).

---

whether BLN misunderstands Festival's argument.

6　　Festival has presumed that Illinois substantive law would apply here, however it is forced to do so without a copy of BLN's Receivables Purchasing Agreement with Reinhold. That agreement, may in fact contain a forum selection clause or indicate whether a particular state's rights govern any disputes relating to that agreement, however, BLN has not provided Festival nor the Court with a copy of that agreement. This failure to provide the operative document by which BLN obtained its rights calls into question the veracity of BLN's claims that it is in fact Reinhold's assignee and entitled to bring any claims against Festival for purported non-payment of Reinhold's invoices.

BLN also ignores the requirement that the substantial events be based not on "a single 'triggering event' prompting the action, but the entire sequence of events underlying the claim," including those that are "part of the historical predicate for the instant suit." *Master Tech Products, Inc. v. Smith,* 181 F.Supp.2d 910, 914 (N.D. Ill. 2002) (citations omitted). Indeed, in applying the "substantial events" test, the Court is not to consider a single event, but rather to take "a more holistic view of the acts underlying a claim." *Id.* As set forth more fully in Festival's memorandum of law in support of its motion to dismiss, none of the historical predicate for the instant suit occurred in Illinois: rather, all occurred in Pennsylvania or New Jersey. The negotiation of the terms of payment and sale, the transmission of purchase orders and invoices and any telephone calls or facsimile transmissions relating to the purchase of product and the delivery of product all occurred either in Pennsylvania or New Jersey. Furthermore, payment for product was also due to Reinhold in Pittsburgh and to Festival in Paterson, respectively. Accordingly, the Court should conclude that the substantial events underlying BLN's claim occurred either in New Jersey or Pennsylvania, but not in Illinois.

Finally, BLN also appears to argue that Festival is seeking some advantage by removing this matter – which it was entitled to do – and then challenging venue under federal law. This argument is specious inasmuch as BLN would be unable to prove proper venue under Illinois law just as it cannot prove proper venue under 28 U.S.C. § 1391. For venue to be proper in Illinois "every action must be commenced (1) in the county of residence of any defendant …, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101. Because Festival is not a resident of any county in Illinois,

8

BLN would need to prove that the transaction or some part thereof occurred in Cook County. BLN cannot prove this for the same reasons it cannot prove the "substantial events" test: no portion of the underlying transaction took place in Illinois.

For these reasons, as well as those set forth in Festival's memorandum of law in support of its motion to dismiss, BLN has failed to demonstrate that venue is proper in Illinois and the Court should grant Festival's motion to dismiss under RULE 12(b)(3).

## IV.    CONCLUSION

For all of the foregoing reasons, the defendant respectfully requests that the Court grant its motion to dismiss and dismiss the complaint in its entirety.

Respectfully submitted,

s/ Michael Cushing
F. John Cushing
Michael Cushing
The Law Offices of F. John Cushing III
29 South LaSalle Street, Suite 240
Chicago, IL 60603
(312) 726-1470

Monica Mathews Reynolds
HIGH SWARTZ LLP
40 East Airy St.
Norristown, PA 19404
(610) 275-0700
(610) 275-5290 (fax)

Attorneys for Defendant
Festival Ice Cream Corporation

Dated: July 25, 2008

## **CERTIFICATE OF SERVICE**

Pursuant to the provisions of Rule 5(a), the undersigned, certifies that they have served this notice along with a copy of the discovery by mailing a copy to the attorney of Record at the Law Offices of James H. Ryan, 30 E. Adams, Suite 1100, Chicago, IL 60603by electric filing and depositing the same in the U.S. mail at 29 South LaSalle Street, Chicago, on the 25rd day of July 2008 with proper postage prepaid.

s/ Michael Cushing
Michael M. Cushing
Law Offices of F. John Cushing III, P.C.
29 S. LaSalle, Suite 240
Chicago, IL 60603
(312) 726-2323
email: mcushing@cushinglaw.com
Firm I.D. 02498